## IN THE UNITED STATES DISTRICT COURT
### FOR THE SOUTHERN DISTRICT OF OHIO
### EASTERN DIVISION

**SCOTT HOLMES,**

       **Petitioner,**

                               **Case No. 2:15-cv-02605**
    **v.**                                **JUDGE GRAHAM**
                                      **Magistrate Judge King**

**WARDEN, LEBANON**
**CORRECTIONAL INSTITUTION,**

       **Respondent.**

## REPORT AND RECOMMENDATION

       Petitioner, a state prisoner, brings this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. This matter is before the Court on the *Petition* (ECF No. 1), Respondent's *Return of Writ* (ECF No. 7), and the exhibits of the parties. For the reasons that follow, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

### Facts and Procedural History

       The Ohio Fifth District Court of Appeals summarized the relevant procedural history of this case as follows:

> In 2009, Defendant–Appellant Scott A. Holmes was indicted by the Coshocton County Grand Jury on nine counts of rape, first-degree felonies, in violation of R.C. 2907.02(A)(1)(b) and 2907 .02(A)(2). Holmes was accused of engaging in sexual conduct with his daughter, who was less than thirteen years of age. On September 10, 2010, Holmes pleaded guilty to five counts of rape, a first-degree felony, in violation of R.C. 2907.02(A)(2).
>
> On October 28, 2010, the trial court issued its sentencing entry. The trial court sentenced Holmes to nine years in prison on each count, to be served consecutively. Holmes was sentenced to a total prison term of 45 years.

Holmes did not file a direct appeal of his conviction and sentence.

On March 12, 2012, Holmes filed with the trial court a pro se Motion for Concurrent Sentencing. The trial court considered the motion to be a Petition for Post–Conviction Relief. On July 31, 2012, the trial court denied the Petition for Post–Conviction Relief.

On October 19, 2012, Holmes filed a notice of appeal of the July 31, 2012 judgment entry. This court dismissed Holmes's appeal as untimely. *See State of Ohio v. Scott A. Holmes*, 5th Dist. Coshocton No.2012CA0017.

On January 8, 2014, Holmes filed a motion of delay of appeal pursuant to App.R. 5. We dismissed Holmes's appeal on March 3, 2014 for failure to file a docketing statement and the judgment entry being appealed. *See State of Ohio v. Scott A. Holmes*, 5th Dist. Coshocton No.2014CA0001.

On March 6, 2014, Holmes filed a notice of appeal and motion for delayed appeal. On April 18, 2014, this court denied his motion for appeal. *See State of Ohio v. Scott A. Holmes*, 5th Dist. Coshocton No.2014CA0005.

On April 7, 2014, Holmes filed a Petition for Writ of Mandamus requesting this court grant Holmes the right to appeal his sentence in his criminal case. On October 20, 2014, this court denied the petition for writ of mandamus. *See State ex rel. Holmes v. State,* 5th Dist. Coshocton No.2014CA0010, 2014–Ohio–4642.

On July 24, 2014, Holmes filed in the trial court a pro se motion to withdraw his guilty plea. He also filed a motion for counsel. The trial court denied his motion to withdraw guilty plea and motion for counsel by judgment entry on August 21, 2014.

*State v. Holmes*, No. 2014CA0020, 2015 WL 628336, at *1 (Ohio App. 5th Dist. Feb. 10, 2015).

On February 10, 2015, the appellate court affirmed the trial court's denial of Petitioner's motion to withdraw his guilty plea. *Id.* On June 24, 2015, the Ohio Supreme Court declined to accept

jurisdiction of the appeal from that decision.  *State v. Holmes*, 142 Ohio St.3d 1519 (Ohio 2015).[1]

On July 2, 2015, Petitioner appears to have executed the *Petition* on July 2, 2015. *Petition* (ECF No. 1, PageID# 15)..  He alleges that he was denied his right to counsel in connection with his appeal as of right (claim one); that he was denied equal protection and due process (claim two); and that he did not knowingly, intelligently, or voluntary enter the guilty plea, that he was forced by the court and his counsel to plead guilty, and that the trial court abused its discretion when it denied his request to change his plea (claim three).  Respondent contends that this action must be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

## Statute of Limitations

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") imposes a one-year statute of limitations on the filing of habeas corpus petitions. 28 U.S.C. § 2244(d) provides as follows:

> (d) (1) A 1–year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of—
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;

---

[1] On March 25, 2015, the Ohio Supreme Court declined to accept jurisdiction of Petitioner's appeal from the appellate court's decision denying his motion for the appointment of counsel.  *State v. Holmes*, 142 Ohio St.3d 1410 (Ohio 2015).

> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Pursuant to § 2244(d)(1)(A), Petitioner's judgment of conviction became final on November 26, 2010, *i.e.,* when the time for filing a timely appeal of the trial court's October 28, 2010, judgment of conviction expired.  *See Board v. Bradshaw*, 805 F.3d 769, 772 (6th Cir. 2015); *Keeling v. Warden, Lebanon Corr. Inst*., 673 F.3d 452, 460 (6th Cir. 2012) (citing *Gonzalez v. Thaler*, -- U.S. --, 132 S.Ct. 641, 653–54 (2012); Ohio Appellate Rule 4(A).  The statute of limitations began to run the following day and expired one year later, on November 27, 2011.  Petitioner waited more than three years and seven months later, until July 2, 2015, to execute this *Petition*.  Further, none of his subsequent state court filings, the earliest of which he filed in March 2012, would have tolled the running of the statute of limitations, because he filed all such actions after the statute of limitations had already expired.  State collateral actions filed after the statute of limitations has expired do not toll the running of the statute of limitations under 28 U.S.C. § 2244(d) (2).  *Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003) ("The tolling provision does not. . . 'revive' the limitations period (*i.e*., restart the clock at zero); it can only serve to pause a clock that has not yet fully run. Once the limitations period is expired, collateral petitions can no longer serve to avoid a statute of limitations.").

4

Further, the record fails to reflect that equitable tolling of the statute of limitations is appropriate. *See Holland v. Florida*, 560 U.S.641, 649 (2010)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)(In order to establish entitlement to equitable tolling, a petitioner must establish that he has been pursuing his rights diligently and that some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion.)

### Recommended Disposition

Therefore, the Magistrate Judge **RECOMMENDS** that this action be **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

### Procedure on Objections

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

*s/ Norah McCann King*
Norah McCann King
United States Magistrate Judge
August 26, 2016
