IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**SCOTT HOLMES,**

    Petitioner,

    v.

**WARDEN, LEBANON
CORRECTIONAL INSTITUTION,**

    Respondent.

    Case No. 2:15-cv-02605
    JUDGE GRAHAM
    Magistrate Judge King

## OPINION AND ORDER

On August 26, 2016, the United States Magistrate Judge recommended that this action for a writ of habeas corpus pursuant to 28 U.S.C. § 2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d). *Report and Recommendation* (ECF No. 11). Petitioner has objected to that recommendation. *Objection* (ECF No. 12). Pursuant to 28 U.S.C. § 636(b), this Court has conducted a *de novo* review. For the reasons that follow, Petitioner's *Objection* (ECF No. 12) is **OVERRULED.** The *Report and Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

On September 10, 2010, Petitioner pleaded guilty to five counts of rape. On October 28, 2010, the trial court sentenced Petitioner to an aggregate term of 45 years in prison, and Petitioner did not file a timely appeal from his conviction. The *Petition* appears to have been executed by Petitioner on July 2, 2015. *Petition* (PageID# 15). The *Petition* alleges that Petitioner was denied his right to counsel in connection with his appeal as of right (claim one); that he was denied equal protection and due process (claim two); and that he did not knowingly, intelligently, or voluntarily enter his guilty pleas and the trial court abused its discretion when it

denied his motion to withdraw those pleas (claim three). As noted, the Magistrate Judge recommended dismissal of Petitioner's claims as untimely.

In objecting to that recommendation, Petitioner asserts that he is actually innocent, and contends that he was forced or threatened into pleading guilty while under duress. Petitioner specifically represents that the trial court did not advise him of his right to appeal. In addition, Petitioner complains that the state courts refused to provide him a copy of his guilty pleas and the sentencing transcript. He goes on to complain that, on October 23, 2012, *i.e.*, almost two years after judgment was entered against him, the state appellate court appointed Attorney Jeffrey Mullens, of the Coshocton County Public Defender's Office, to represent him on appeal, but that Mullens thereafter withdrew without having filed an appellate brief. *Objection* (ECF No. 12-1, PageID# 284). Petitioner also argues that his judgment is void under Ohio law and that his criminal case should be dismissed because of a conflict of interest on the part of the trial judge. *Id.* Recognizing the delay in the filing of the *Petition*, Petitioner contends that equitable tolling of the statute of limitations should be applied because he has diligently pursued relief, and has tried to exercise his right to appeal his conviction since October 28, 2010. Finally, Petitioner argues that to apply the statute of limitations would amount to the unconstitutional suspension of the writ of habeas corpus.

In support of his objections, Petitioner attaches certain documents, including a copy of what appears to be a portion of the docket in his criminal case. On October 23, 2012, one Judge Rinfret appointed the Coshocton County Public Defender to serve as counsel for Petitioner "for purposes of appeal." *Objection* (ECF No. 12-1, PageID# 289). On October 29, 2012, Jeffrey A. Mullen, an attorney with the Coshocton County Public Defender, filed a motion to withdraw from Petitioner's appeal, indicating that he had been Petitioner's trial counsel and Petitioner had

2

alleged the denial of the effective assistance of trial counsel. *Id.* (PageID# 291). It appears that the motion to withdraw was granted by the state court of appeals. *Id.* (PageID# 290).[1] Petitioner also includes a copy of his motion for a delayed appeal, filed on January 2, 2014, pursuant to Ohio Appellate Rule 5. *Id.* (PageID# 289); *see also Return of Writ* (ECF No. 7-1, PageID# 131-33). Petitioner also submits a copy of his January 23, 2014, motion for the preparation of a transcript of proceedings at state expense, which was denied on February 12, 2014, by one Judge Batchelor. *Objection* (ECF No. 12-1, PageID# 289). [2]

At the outset, the Court summarily addresses certain of Petitioner's objections. "The Sixth Circuit Court of Appeals has rejected arguments that a void state court sentence renders the judgment not final for AEDPA statute of limitations purposes." *Gregley v. Bradshaw*, No. 1:14CV50, 2014 WL 4699409, at *14 (N.D. Ohio Sept. 19, 2014)(citing *Mackey v. Warden, Lebanon Correctional Institution*, 525 Fed. Appx. 357, 361 (6th Cir. 2013)). Moreover, Petitioner's claim that the trial court abused its discretion in denying his motion to withdraw his guilty plea raises only an issue of state law and does not provide a basis for federal habeas corpus relief. *See Field v. Turner*, No. 1:13CV1415, 2015 WL 10552255, at *6 (N.D. Ohio Aug. 19, 2015)(citing *Akemon v. Brunsman,* No. C-1-06-166, 2007 WL 2891012, at *12 (S.D. Ohio Sept. 28, 2007)). Finally, Petitioner argues in his objections that to apply the statute of limitations would amount to the unconstitutional suspension of the writ of habeas corpus. "Like every other court of appeals to address the issue," however, the United States Court of Appeals for the Sixth Circuit has held that application of the one-year statute of limitations in habeas corpus cases does not constitute an unconstitutional suspension of the writ of habeas corpus. *Hill v. Dailey*, 557 F.3d 437, 438 (6th Cir. 2009)(citations omitted).

---

[1] There is no indication that substitute appellate counsel was appointed.
[2] The state court of appeals denied Petitioner's motion for a delayed appeal on March 3, 2014. *Return of Writ* (ECF No. 7-1, PageID# 135).

Considering the issue of the timeliness of the filing of the *Petition*, the Court agrees with the Magistrate Judge that, under 28 U.S.C. § 2244(d)(1)(A), Petitioner's judgment of conviction became final on November 26, 2010, *i.e.,* when the time for filing a timely appeal of the trial court's October 28, 2010, judgment of conviction expired. The statute of limitations began to run the following day and expired one year later, on November 27, 2011. Petitioner waited more than three years and seven months later, until July 2, 2015, to execute the *Petition*. Further, his state court filings did not toll the running of the statute of limitations, because he filed all such actions after the statute of limitations had already expired. *See Vroman v. Brigano*, 346 F.3d 598, 602 (6th Cir. 2003).

However, the one-year limitations period is not jurisdictional and may be subject to equitable tolling, although equitable tolling is granted only sparingly in habeas cases. *Hall v. Warden, Lebanon Corr. Inst.*, 662 F.3d 745, 749 (6th Cir. 2011). A petitioner who invokes equitable tolling must establish that (1) he has been pursuing his rights diligently and (2) some extraordinary circumstance stood in his way and prevented him from filing in a timely fashion. *Holland v. Florida*, 560 U.S. 641, 649 (2010)(citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)). That petitioner bears the burden of demonstrating that he is entitled to equitable tolling. *Ata v. Scutt*, 662 F.3d 736, 741 (6th Cir. 2011).

The Supreme Court has allowed equitable tolling where a claimant actively pursued judicial remedies by filing a timely, but defective, pleading or where he was induced or tricked by his opponent's misconduct into allowing the filing deadline to pass. *Irwin v. Dep't of* Veterans *Affairs*, 498 U.S. 89, 96 (1990). Where the party failed to exercise due diligence in preserving his legal rights, courts are much less forgiving. *Id.; Jurado v. Burt*, 337 F.3d 638, 642–13 (6th Cir. 2003). A prisoner's *pro se* incarcerated status, lack of knowledge regarding the law, and

4

limited access to the prison's law library or to legal materials do not provide a sufficient justification to apply equitable tolling of the statute of limitations. *Hall,* 662 F.3d at 751 (citation omitted).  These are conditions typical for many prisoners and do not rise to the level of exceptional circumstances. *Allen v. Yukins*, 366 F.3d 396, 403 (6th Cir. 2004).  Similarly, bad advice from a fellow inmate or other non-lawyers does not constitute grounds for equitable tolling of the statute of limitations. *Allison v. Smith*, No. 2:14–cv–10423, 2014 WL 2217238, at *5 (E.D. Mich. May 29, 2014) (citing *Smith v. Beightler*, 49 Fed.Appx. 579, 580–81 (6th Cir. 2002); *United States v. Cicero*, 14 F.3d 199, 204–05 (D.C. Cir. 2000); *Henderson v. Johnson*, 1 F.Supp.2d 650, 655 (N.D. Tex. 1998)).  A "[p]etitioner's reliance on jailhouse lawyers is not an extraordinary circumstance warranting equitable tolling." *Arriaga v. Gonzales*, No. 13–1372–AG (JPR), 2014 WL 5661023, at 12 (C.D. Cal. Oct. 31, 2014) (citations omitted). "Generally, a habeas petitioner's reliance on unreasonable or incorrect legal advice from his attorney is not a valid ground for equitable tolling of the statute of limitation." *Brown v. Bauman*, No. 2:10–cv–264, 2012 WL 1229397, at *9 (W.D. Mich. April 12, 2012) (citations omitted).  "The fact that Petitioner may be ignorant of the law and instead chose to rely on counsel, in itself, does not provide a basis for equitable tolling. Neither a prisoner's *pro se* status nor his lack of knowledge of the law constitute[s] extraordinary circumstances justifying equitable tolling." *Taylor v. Palmer*, No. 2:14–cv–14107, 2014 WL 6669474, at *4 (E.D. Mich. Nov. 11, 2014) (citing *Rodriguez v. Elo*, 195 F.Supp.2d 934, 936 (E.D. Mich. 2002); *Johnson v. United States*, 544 U.S. 295, 311 (2005) ("[W]e have never accepted *pro se* representation alone or procedural ignorance as an excuse for prolonged inattention when a statute's clear policy calls for promptness")). "Attorney miscalculation is simply not sufficient to warrant equitable tolling, particularly in the

postconviction context where prisoners have no constitutional right to counsel." *Lawrence v. Florida*, 549 U.S. 327, 336–37 (2007) (citation omitted).

In *Holland*, 560 U.S. 631, the Supreme Court held that egregious misconduct by an attorney might constitute an extraordinary circumstance warranting equitable tolling of the statute of limitations, but the Court also noted that a "garden variety claim of excusable neglect," such as a miscalculation that leads a lawyer to miss a filing deadline, would not justify the equitable tolling of the statute of limitations. *Id*. at 651-52 (citations omitted). The record in this action fails to reflect any egregious misconduct by defense counsel that would justify equitable tolling of the statute of limitations.

Petitioner claims that he did not know about, and was not advised of, his right to appeal. In *DiCenzi v. Rose*, 452 F.3d 465 (6th Cir. 2006), the United States Court of Appeals for the Sixth Circuit held that, where a criminal defendant is not advised of and does not know of his right to appeal, claims relating to events that occurred at the time of sentencing may be timely under 28 U.S.C. § 2244(d)(1)(D) if the petitioner acted reasonably diligently in learning about his right to appeal:

> The proper task in a case such as this one is to determine when a duly diligent person in petitioner's circumstances would have discovered [his right to an appeal]. After that date, petitioner was entitled to further delay (whether in actually making the discovery, or in acting on a previously made discovery, or for any other reason whatsoever), **so long as he filed his petition within one year of the date in which the discovery would have been made in the exercise of due diligence.**
>
> * * * *
>
> [T]he date on which the limitations clock began to tick is a fact-specific issue the resolution of which depends, among other things, on the details of [a defendant's] post-sentence conversation with his lawyer and on the conditions of his confinement in the period after [sentencing].

6

> *Wims* [. *United States*], 225 F.3d [186,] 190–91 [(2nd Cir. 2000)] (citing *Easterwood v. Champion*, 213 F.3d 1321, 1323 (10th Cir. 2000) (taking into account "the realities of the prison system" in determining due diligence)).

*Id.* at 470–471 (emphasis added). "[P]etitioner bears the burden of proving that he exercised due diligence, in order for the statute of limitations to begin running from the date he discovered the factual predicate of his claim, pursuant to 28 U.S.C. § 2244(d)(1)(D)." *Id.*, at 471 (citing *Lott v. Coyle*, 261 F.3d 594, 605–06 (6th Cir. 2001)). The Court also applies *DiCenzi v. Rose*, in conjunction with *Johnson v. United States*, 544 U.S. 295 (2005), which requires consideration of a petitioner's exercise of diligence. Thus, a petition will not be deemed timely where the petitioner fails to act with reasonable diligence. *See Neu v. Brunsman*, No. 2:09-cv-257, 2010 WL 5600902, at *4 (S.D. Ohio Oct. 12, 2010) (same) (citing *Pierce v. Banks*, No. 2:09-cv-00590, 2009 WL 2579202 (S.D. Ohio Aug. 20, 2009); *Korbel v. Jeffries*, No. 2:06-cv-625, 2008 WL 269626 (S.D. Ohio Jan. 29, 2008); *Ward v. Timmerman–Cooper*, No. 2:07-cv-41, 2008 WL 214411 (S.D. Ohio Jan. 23, 2008)). "Applying *DiCenzi* and *Johnson,* Petitioner must demonstrate either that he exercised due diligence in discovering the lack of notice of his right to appeal, the fact on which his conviction-based claims are predicated, or that he filed for habeas within one-year from the time a person exercising due diligence in Petitioner's position would have discovered that fact." *McIntosh v. Hudson*, 632 F. Supp. 2d 725, 734 (N.D. Ohio July 10, 2009) ("A person in Petitioner's position exercising due diligence would have acted much sooner, seeking out his rights and remedies rather than waiting [more than two and one half years after his conviction] for a law clerk . . . to '[notice] that [he] was never informed of his right to appeal[.]'") Moreover, lack of actual notice and "ignorance of the law, even for an incarcerated *pro se* petitioner, generally does not excuse [late] filing." *Fisher v. Johnson*, 174 F.3d 710, 714–

7

15 (5th Cir. 1999).  *See also United States v. Baker*, 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir. 1991).

In Petitioner's state court proceedings, Judge Richard I. Evans issued a *Judgment Entry on Sentencing* on October 28, 2010.  *Return of Writ* (ECF No. 7-1, PageID# 59-62). Petitioner filed a "*Motion in Support of  Concurrent Sentencing*" with the state trial court on June 20, 2012. The trial court deemed that motion as a petition for post-conviction relief pursuant to O.R.C. § 2953.21(A), and denied that motion on July 31, 2012. *Id.* (PageID# 76-78). Petitioner filed a notice of appeal from that decision on October 19, 2012, *id.* (PageID# 79), and the state court of appeals dismissed that appeal as untimely. *Id.* (PageID# 90). On November 15, 2012, Petitioner filed a *Motion for Reconsideration* with the state court of appeals, in which he expressly stated that he was challenging the sentencing in his original case pursuant to Ohio Appellate Rule 5(A). *Return of Writ* (ECF No. 7-1, PageID# 91.)  On January 17, 2013, the appellate court denied the *Motion for Reconsideration*.  *Id.* (PageID# 93).  Petitioner filed a timely appeal to the Ohio Supreme Court.  *Id*. (PageID# 94).  On May 22, 2013, the Ohio Supreme Court declined to accept jurisdiction of the appeal pursuant to S.Ct.Prac.R. 7.08(B)(4).  *Id.* (PageID# 117).  On November 18, 2013, the United States Supreme Court denied Petitioner's petition for a writ of *certiorari.  Id.* (PageID# 125).

Meanwhile, on October 19, 2012, Petitioner filed a *Motion for Leave to Resentence*.  *Id.* (PageID# 83).  According to the documents submitted by Petitioner in connection with his objection, on October 23, 2012, the trial court appointed Petitioner's trial counsel to represent Petitioner for the purpose of filing of an appeal.  The record does not indicate that counsel filed an appeal and it appears that the state court of appeals may have granted that counsel's October

29, 2012, motion for leave to withdraw, although it is unclear when that action was taken.

*Objection* (ECF No. 12-1, PageID# 290).

> On January 2, 2014, [Petitioner] filed a motion of delay of appeal pursuant to App.R. 5. [*See Return of Writ* (ECF No. 7-1, PageID# 131-33).] We dismissed [Petitioner's]appeal on March 3, 2014 for failure to file a docketing statement and the judgment entry being appealed. *See State of Ohio v. Scott A. Holmes*, 5th Dist. Coshocton No.2014CA0001.[3] [*See Return of Writ* (ECF No. 7-1, PageID# 135-36)].
>
> On March 6, 2014, [Petitioner] filed a notice of appeal and motion for delayed appeal. On April 18, 2014, this court denied his motion for appeal. *See State of Ohio v. Scott A. Holmes*, 5th Dist. Coshocton No.2014CA0005. [*See Return of Writ* (ECF No. 7-1, (PageID# 139-44)].
>
> On April 7, 2014, [Petitioner] filed a Petition for Writ of Mandamus requesting this court grant [Petitioner] the right to appeal his sentence in his criminal case. [*See Return of Writ* (ECF No. 7-1, PageID# 147-51)]. On October 20, 2014, this court denied the petition for writ of mandamus. *See State ex rel. Holmes v. State,* 5th Dist. Coshocton No.2014CA0010, 2014–Ohio–4642. [*See Return of Writ* (ECF No. 7-1, PageID# 161-66)].
>
> On July 24, 2014, [Petitioner] filed in the trial court a *pro se* motion to withdraw his guilty plea. [*See Return of Writ* (ECF No. 7-1, PageID# 179-80)]. He also filed a motion for counsel. The trial court denied his motion to withdraw guilty plea and motion for counsel by judgment entry on August 21, 2014. [*See Return of Writ* (ECF No. 7-1, PageID# 181)].

*State v. Holmes*, No. 2014CA0020, 2015 WL 628336, at *1 (Ohio App. 5th Dist. Feb. 10, 2015). On February 10, 2015, the appellate court affirmed the trial court's denial of Petitioner's motion to withdraw his guilty plea. *Id.* On June 24, 2015, the Ohio Supreme Court declined to accept jurisdiction of the appeal from that decision. *State v. Holmes*, 142 Ohio St.3d 1519 (2015).

    Neither Petitioner's plea agreement nor the transcript of his guilty plea or sentencing hearing have been made a part of the record before this Court, and this Court is unable to

---

[3] On March 27, 2014, the appellate court denied Petitioner's motion for reconsideration of that decision. *Return of Writ* (ECF No. 701, PageID# 138.)

determine from the record whether either the trial court or defense counsel advised Petitioner of his right to appeal or of the time in which to file a notice of appeal. Still, even accepting as true Petitioner's allegation that he did not know about and was not advised of his right to appeal in October 2010, when the trial court imposed sentence, Petitioner fails to explain what action, if any, he took, to learn about his right to appeal.

Petitioner does not identify any factor that prevented him from learning about his right to appeal. *See Baker v. Wilson*, No. 5:06-cv-1547, 2009 WL 313325, at *12 (N.D. Ohio Feb. 6, 2009) (concluding that petitioner failed to act diligently in waiting three years to learn about his right to appeal, noting that "[c]ourts in this Circuit have recognized that when a petitioner has access to retained counsel, due diligence requires that he ask his counsel about his appellate rights" and "[a] period not greater than 90 days is a reasonable amount of time in which to inquire of counsel.") (citing *Ramos v. Wilson*, No. 1:06CV901, 2008 WL 2556725 (N.D. Ohio 2008)); *see also Ward v. Timmerman-Cooper*, No. 2:07-cv-41, 2008 WL 214411, at *5 (S.D. Ohio Jan. 23, 2008) (no due diligence where the petitioner "apparently made no effort to learn about his right to appeal for more than seven years from the date of his sentencing[.]") "Due diligence requires the petitioner to pursue his rights [.]" *Steward v. Moore*, 555 F. Supp. 2d 858, 869 (N.D. Ohio 2008) (no due diligence where the petitioner "had free access to law libraries, the public defender's office, and the court for over six years prior to the date he says he discovered his ability to challenge the conviction").

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker*, 197 F. 3d at 218.

      As the Court has already noted, Petitioner does not identify any factor that prevented him from learning of his right to appeal during the approximate 1 ½ years between his sentencing in October 2010 and June 2012, when he filed his *Motion in Support of Concurrent Sentencing*. Moreover, the record reflects that Petitioner must have known about his right to appeal at least as of June 20, 2012, when he filed his *Motion in Support of Concurrent Sentencing*, because that filing was based, at least in part, on the fact that an "appeal as a matter of right" had not been filed in his case. *Return of Writ* (ECF No. 7-1, PageID# 72)("'. . . a defendant who is convicted of or pleads guilty to a felony may appeal as a matter of right the sentence imposed upon the defendant . . .' Furthermore this defendant challenges that if the case has not been appealed[,] the trial court maintains sentencing jurisdiction. . . ."). The fact that Petitioner was aware of his right to an appeal is also evident in his November 15, 2012, motion to reconsider the dismissal of his appeal, as untimely, from the trial court's dismissal of the *Motion in Support of Concurrent Sentencing*. *Id.* (PageID# 91)("This Appellant has never appealed his case and the appeal is presented in accordance with App. R. 5(A). . . . This Appellant is challenging sentencing in the original case."). As noted *supra*, Petitioner failed to file a timely appeal from the trial court's dismissal of his *Motion in Support of Concurrent Sentencing*. *State v. Holmes*, No. 2014CA0020, 2015 WL 628336, at *1 (Ohio App. 5th Dist. Feb. 10, 2015).

      Moreover, it is clear that Petitioner knew about his right to appeal at the time he filed that motion in June 2012, yet he did not act diligently in pursuing his rights. He failed to timely appeal the trial court's July 31, 2012, denial of his *Motion in Support of Concurrent Sentencing*. It was not until January 2014 that Petitioner filed a motion for a delayed appeal, *Return of Writ* (ECF N0. 7-1, PageID# 131-33), which the state court of appeals denied on April 18, 2014. *Id.*

11

(PageID# 145-46). It does not appear that Petitioner filed an appeal from that denial. The *Petition* was executed on July 2, 2015 - more than one year and seven months after the United States Supreme Court's November 18, 2013, denial of his petition for a writ of *certiorari,* in which Petitioner claimed to be pursuing his right to appeal, and more than one year and two months after the appellate court's April 18, 2014, denial of his motion for a delayed appeal. Petitioner offers no explanation, or justification, for such delay. Thus, this Court is not persuaded that the record reflects either that Petitioner acted diligently or that this action is timely under *DiCenzi v. Rose*, 452 F.3d at 465.

The one-year statute of limitations may also be equitably tolled upon a "credible showing of actual innocence." *Souter v. James*, 395 F.3d 577, 602 (6th Cir. 2005). "[A] petitioner whose claim is otherwise time-barred may have the claim heard on the merits if he can demonstrate through new, reliable evidence not available at trial, that it is more likely than not that no reasonable juror would have found him guilty beyond a reasonable doubt." *Yates v. Kelly,* No. 1:11–cv–1271, 2012 WL 487991 (N.D. Ohio Feb. 14, 2012) (citing *Souter*, 395 F.3d at 590). Actual innocence means factual innocence, not mere legal insufficiency. *See Bousely v. United States*, 523 U.S. 614, 623 (1998). Without "new evidence" that makes it "more likely than not that no reasonable juror would have convicted him," a petitioner may not make use of the actual-innocence gateway and escape the statute of limitations. *McQuiggin v. Perkins*, 133 S. Ct. 1924, 1928 (2013) (quoting *Schlup v. Delo*, 513 U.S. 298, 327 (1995)) (internal quotation marks omitted). Petitioner has not met this "demanding" actual-innocence standard. *See Perkins*, 133 S. Ct. at 1935.

For all these reasons and for the reasons detailed in the Magistrate Judge's *Report and Recommendation,* Petitioner's *Objection* (ECF No. 12) is **OVERRULED**. The *Report and*

12

*Recommendation* (ECF No. 11) is **ADOPTED** and **AFFIRMED**. This action is hereby **DISMISSED** as barred by the one-year statute of limitations under 28 U.S.C. § 2244(d).

The Clerk is **DIRECTED** to enter **FINAL JUDGMENT**.

Date: October 7, 2016

                _____s/James L. Graham_____
                JAMES L. GRAHAM
                United States District Judge